109 N.J. Super. 48 (1970)
262 A.2d 227
ESSEX COUNTY WELFARE BOARD, A CORPORATE ENTITY OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DORIS PHILPOTT, WILLIAM WILKES and FIDELITY UNION TRUST COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1969.
Decided February 24, 1970.
Before Judges KILKENNY, LABRECQUE and LEONARD.
*49 Mr. Ronald Reichstein argued the cause for appellant (Mr. John A. Matthews, Jr., attorney).
Mr. Althear A. Lester of Newark Legal Services Project argued the cause for respondents.
Miss Annamay T. Sheppard of New Jersey State Office of Poverty and the Law filed a brief as amicus curiae.
PER CUIRAM.
The judgment is affirmed essentially for the reasons expressed by Judge Larner in his opinion, reported in 104 N.J. Super 280 (Cty. Ct. 1969).
We requested at oral argument supplemental information as to the period of time embraced by the Social Security check of $1864.20 received on August 20, 1968 "as a retroactive award" for disability benefits. For completeness of the record, we wanted to ascertain whether the benefits were received for the same period defendant Wilkes was receiving financial assistance from the Essex County Welfare Board. We have only now been supplied with the requested information.
Defendant Wilkes applied to the Essex County Welfare Board for assistance on August 2, 1966; received an initial grant of $108 in February 1967, which covered January 1967, and regular monthly payments of $108 from February 1967 through July 1968, for a total of $2082 up to the time of the commencement of these proceedings. He still was receiving public assistance funds from plaintiff, when it filed its brief herein.
Wilkes received a check in the sum of $1864.20, dated August 20, 1968, from the Social Security Administration. It was a retroactive award and represented monthly social security disability insurance benefits paid to him for the months of May 1966 and then from July 1966 through July 1968. Beginning with the May 1966 payment, his monthly benefit was $69.60 and was increased to $78.70 effective February 1968. The $1864.20 check was deposited *50 in Fidelity Union Trust Company in the name of defendant Doris Philpott. Concededly, she holds the account in trust for Wilkes.
Thus, the records show that Wilkes received funds from both sources  Welfare Board and Social Security  covering the period from January 1, 1967 through July 1968. However, he did not receive monthly checks from both agencies at the same time, albeit the retroactive award did in some measure cover the same period.
Notwithstanding the foregoing additional facts, we conclude that the immunity from attachment, execution and levy of Social Security benefits paid or payable, provided for under 42 U.S.C. § 407, immunized from seizure by the Essex County Welfare Board the lump sum benefits received by Wilkes from the Social Security Administration. The reimbursement agreement signed by Wilkes has the force of a judgment, N.J.S.A. 44:7-14; but enforcement of that judgment by the Welfare Board is subject to the same limitations expressed in the paramount Federal Law, 42 U.S.C. § 407, as in the case of any other general judgment.
Affirmed.