Raymond E. Aldrich, Jr., J.
Defendant moves to vacate a property execution levied against her bank account on the grounds that all the funds deposited in said account are exempt from execution under .section 407 of title 42 of the United States Code and rule 64 of the Federal Rules of Civil Procedure. In support of her motion, defendant submits an affidavit wherein she alleges that she is unemployed, and that her sole source of income is survivor’s benefits paid to her under the Social Security Act and veterans’ benefits, further alleging that it is her practice to deposit only her social security checks in the checking account which has been levied upon. She additionally asserts that half of the funds in the account belong to her son.
Also submitted in support of defendant’s motion is an affidavit of her attorney, who urges that the funds deposited in the checking account are exempt from levy by law.
*191 Plaintiffs’ attorney opposes the motion, asserting that the funds in question, as a matter of law, are not exempt from execution. He further asserts that he has personal knowledge of the defendant and knows her to be employed as a waitress, an allegation which appears to be corroborated by the affidavit of service of the summons. He also alleges that the defendant has had the good fortune to have won $1,000 in the New York State Lottery, and that the defendant has been able to support a style of living requiring income in excess of that claimed by defendant in her moving affidavit.
In reply, defendant by her personal affidavit disclaims employment income except for a nominal sum of 50 cents to $1.50 a day received assisting a friend as a waitress which she states has never been deposited in her account. She also acknowledges that approximately five to six years ago she won the lottery sum claimed by plaintiffs’ attorney, but asserts that no portion of those moneys was in the bank account at the time of the levy, attaching a copy of her checking account from December 6,1973 to March 6,1974.
The threshold question raised by defendant’s motion is whether proceeds of social security payments and veterans’ payments are or are not exempt from execution by virtue of section 407 of title 42 of the United States Code and section 3101 of title 38 of the United States Code. Those sections provide that moneys payable under the Social Security Act or by the Veterans’ Administration shall not be subject to execution, levy, attachment, garnishment, or other legal process. While there appears to be no New York precedent for this question, the United States Supreme Court in Philpott v. Essex County Welfare Bd. (409 U. S. 413) clearly adopted a liberal construction of section 407 of title 42 of the United States Code favoring exemption, stating that it (p. 417) “ imposes a broad bar against the use of any legal process to reach all social security benefits ”.
Additionally, the deposit of those funds in defendant’s bank account does not affect the exemption as the Supreme Court has also held that the mere deposit of exempt funds in a bank account where it remains ¡subject to the demands and use as the needs for support and maintenance require is ineffective to remove the cloak of protection afforded by the statutes heretofore mentioned (Porter v. Aetna Cas. Co., 370 U. S. 159). Accordingly, this court holds that social security payments and veterans ’ payments are immune from levy upon deposit in the recipient’s bank account.
The resolution of the legal question raised by the parties, however, does not permit resolution of the motion. There is a ques *192 tion of fact as to the character of the funds actually on deposit in the hank account which was the subject of the plaintiffs’ levy, namely, whether the funds are social security or Veterans’ Administration benefits, or earnings. That question of fact cannot be resolved by a review of the papers and therefore a hearing is directed pursuant to CPLR 2218 as to the issues of the source and character of the funds presently on deposit.
Accordingly, this proceeding is forthwith placed upon the civil Trial Calendar of this court for October 7, 1974 at 10:00 o ’clock in the forenoon for a hearing.