OPINION OF THE COURT
John J. Fromer, J.
This case presents the novel question of whether, and to what extent, Social Security disability benefit payments may be applied by Family Court order to the support of the recipient’s spouse.
Petitioner is a wife seeking support from her estranged husband. By a prior order dated September 30, 1983, respondent was ordered to pay the sum of $50 per week effective December 30, 1982, effective until he should return to employment, arrears were established at $1,300 to be paid in weekly installments of $20, and respondent was ordered to maintain medical insurance coverage for his dependents.
Respondent seeks on this application a modification of his support obligation based on his having become totally disabled due to a serious heart condition. Respondent’s income now consists solely of monthly Social Security *351 disability benefit payments in the amount of $588.90 per month. His other assets amount to virtually nil.
The issue before the court resolves itself into two parts: (1) whether a court may consider disability benefits as a source of income available to respondent, along with other income and assets, in determining his ability to pay support and fixing the amount of support to be paid at a fair and reasonable sum (Family Ct Act, § 412), and (2) whether a support order, if entered, may be enforced by procedures directed against respondent’s Social Security disability benefits. The second part of the issue will be considered first.
The Federal statutory scheme which establishes the entitlement to Social Security benefits contains a prohibition against alienation of the right to receive future payments, and a declaration that no moneys “paid or payable” shall be subject to “legal process”, including execution, levy, or attachment. (US Code, tit 42, § 407, subd [a].) The provision has been given a broad interpretation by the United States Supreme Court, which held the section precluded recoupment by a State welfare department for public assistance furnished an individual, out of retroactive Social Security disability benefits received by the individual and deposited in his bank account. (Philpott v Essex County Welfare Bd., 409 US 413.) The court stated that the section “imposes a broad bar against the use of any legal process to reach all social security benefits.” (409 US, at p 417.) New York courts have dutifully recognized the liberal construction given the statute by the Supreme Court, and have insulated Social Security survivor’s benefits deposited in the recipient’s bank account from execution by creditors. (Colton v Martell, 79 Misc 2d 190.)
The plain wording of the Federal statute appears on its face to bar any attempt on the part of any person to reach a recipient’s benefits by legal process. This would appear to encompass a spouse’s claim for support.
Petitioner, however, would have the court imply a “spousal exception” to section 407 of title 42 of the United States Code on public policy grounds. It is argued that it is the intent of this section, and that of similar Federal exemption provisions found in other Federal statutory *352 benefit schemes (e.g., Employee Retirement Income Security Act of 1974 [ERISA], US Code, tit 29, § 1056, subd [d]; Railway Retirement Act, US Code, tit 45, § 231m), to protect the needy beneficiary and his dependents from creditors’ claims. State courts of other jurisdictions have held that a spouse’s claim for alimony or support is fundamentally different from a claim of a creditor, and without the scope of section 407 of title 42 of the United States Code. (Brown v Brown, 32 Ohio App 2d 139; see French v Department of Social Servs., 92 Mich App 701; Meadows v Meadows, 619 P2d 598 [Okla].) Other cases have made similar holdings with respect to exemption provisions in Federal programs other than Social Security. (Cartledge v Miller, 457 F Supp 1146; Cogollos v Cogollos, 93 Misc 2d 406 [both construing ERISA provisions].)
Petitioner’s argument is unpersuasive for several reasons. First, Brown (supra) was decided prior to Philpott (supra) and must be reconsidered in light of the latter authority with respect to interpretation of section 407 of title 42 of the United States Code.
Second, cases construing the provisions safeguarding pension benefits under ERISA have little utility to an understanding or analysis of analogous provisions of the Social Security Act, since the two systems are fundamentally dissimilar: “Whereas Social Security, railroad retirement and veterans’ benefits are specially created government programs, ERISA is a more pervasive regulatory system which reaches wholly private funds affecting privately negotiated benefits of millions of persons. Such pension benefits are in the nature of deferred employee compensation and are generally a supplement to the old age and disability insurance benefits which the Social Security program was intended to secure for all workers.” (National Bank v International Brotherhood of Elec. Workers, 69 AD2d 679, 688.)
The Supreme Court has distinguished private pension plans from social welfare plans such as Social Security and railroad retirement benefits in terms of the latter’s dependence upon the grace of Congress, which may alter or eliminate them at any time. (Hisquierdo v Hisquierdo, 439 US 572, 575.) In the second category, the court has stressed *353 that the States’ interest in prescribing the substantive property law of domestic relations must defer to the Federal statutory scheme whenever major damage to clear and substantial Federal interests would otherwise result. (Hisquierdo v Hisquierdo, supra, at p 581.) “The critical terms * * * include a specified beneficiary protected by a flat prohibition against attachment and anticipation.” (439 US 572, 582, supra [construing the Railroad Retirement Act].) Such a blanket proscription is found in the Social Security Act as well, in section 407 of title 42 of the United States Code!
Third, Congress has made provision for a blanket exception to all Federal exemption statutes for purposes of child support and alimony payments (which as defined includes spousal support [US Code, tit 42, § 662, subd (c)]): “Notwithstanding any other provision of law * * * moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States * * * to any individual * * * shall be subject * * * to legal process brought for the enforcement * * * of his legal obligations to provide child support or make alimony payments.” (US Code, tit 42, § 659, subd [a].)
It has been generally held that Social Security disability payments are in no sense remuneration for employment. (See Douglas v Donovan, 534 F Supp 191.) They therefore are not within this statutory exception to the rule of exemption from attachment. Had Congress desired to go further in lifting the bars of the various Federal entitlement programs against attachment in favor of claims for support by spouses, presumably it would have done so. Absent further Congressional action, however, it is to be presumed Congress intended to subject only those benefits based on remuneration for employment to such process. New York’s statutory wage deduction procedure parallels the Federal language with respect to moneys reachable by wage deduction order. (Personal Property Law, § 49-b, subd 1, par [a].)
Based on the foregoing analysis it follows that Social Security disability benefit payments are exempt from garnishment or levy in enforcement of a Family Court order of spousal support.
*354 No New York or Federal authority has been found, however, that such benefits may not be considered by the Family Court Judge in determining respondent’s over-all ability to pay support, and in fixing a fair and reasonable amount of support to be paid out of income and assets other than Social Security benefits. Authority from other jurisdictions has found no Congressional intent manifested by title 42 (§ 659, subd [a]) of the United States Code to prohibit consideration of disability benefits in the over-all support picture. (Meadows v Meadows, supra.) It is appropriate for the court to consider all resources available to respondent in determining his means to pay. In this sense, Social Security benefits should not be exempt from consideration, and the court so holds.
Applying the above principles to the present case, it appears that the order of September 30, 1983 should be modified in the following respects: First, under the circumstances, further support payments should be suspended, since respondent’s income consists solely of exempt Social Security benefits. Second, respondent will be relieved of the responsibility to maintain medical insurance for his dependents. Third, petitioner will be granted a judgment for arrears which have accrued under the present order, as computed by the clerk.