**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ARMANDO A. CORDOBA;
INDEPENDENT PARALEGAL
SERVICE, INC., doing business as
DISABILITY ADVOCACY CLINIC,

        Plaintiffs - Appellants,

      v.

LARRY G. MASSANARI,[*] Acting
Commissioner of the Social Security
Administration,

        Defendant - Appellee.

---

NATIONAL FEDERATION OF
PARALEGAL ASSOCIATIONS,

        Amicus Curiae.

No. 99-2278

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
## (D.C. NO. CIV-96-1393-MV/RLP)

---

Dennis W. Montoya of Montoya Law Offices, Rio Rancho, New Mexico, for
Plaintiffs-Appellants.

---

[*]On March 29, 2001, Larry G. Massanari became the Acting Commissioner
of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Massanari is substituted as the appellee in this action.

August E. Flentje, Attorney, Appellate Staff Civil Division, Department of Justice, Washington, D.C., (David W. Ogden, Acting Assistant Attorney General; William Kanter, and Howard S. Scher, Attorneys, Appellate Staff Civil Division, Washington, D.C.; John J. Kelly, United States Attorney, Albuquerque, New Mexico, with him on the briefs), for Defendant-Appellee.

Martha A. Churchill, Milan, Michigan, filed a brief on behalf of the amicus curiae.

---

Before **TACHA** , Chief Judge, **REAVLEY** ,[**] and **LUCERO** , Circuit Judges.

---

**REAVLEY** , Senior Circuit Judge.

---

Appellants Armando Cordoba and Independent Paralegal Services, Inc. (collectively Cordoba) provide non-attorney representation to clients seeking social security benefits. The Social Security Act allows for such non-attorney representation. See 42 U.S.C. § 406. Cordoba brought this suit after the Social Security Administration (SSA) rejected numerous fee agreements he had submitted for approval, resulting in a loss of fees.

The statutory and regulatory scheme which governs the payment of fees to representatives of social security claimants draws certain distinctions between attorneys and non-attorneys. For example, the SSA is authorized to pay an

---

[**]Honorable Thomas M. Reavley, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

attorney his fees directly from the past-due benefits due a claimant.     See 46

U.S.C. § 406(a)(4)(A).  An SSA regulation provides that the SSA will pay an

attorney his authorized fee directly from past-due benefits, but that the SSA

assumes no responsibility for the payment to a non-attorney of fees it has

authorized.   20 C.F.R. § 404.1720(b)(4) (2000).     [1]

Cordoba alleged that the statutory and regulatory scheme unconstitutionally

discriminates against non-attorneys, and that certain regulations had been

promulgated in violation of the notice and comment rulemaking requirements of

the Administrative Procedure Act (APA), 5 U.S.C. § 553.  The district court

considered challenges to four provisions of the SSA's "Hearings, Appeals and

Litigation Law Manual" (known as HALLEX).  The district court held, and the

Commissioner of Social Security does not contest, that two provisions were

"substantive" rather than "interpretive," and hence subject to the notice and

comment provisions of the APA.     See id. § 553(b)(3)(A) (providing that notice

and comment requirements do not apply to "interpretative rules"); Rocky

Mountain Helicopters, Inc. v. FAA, 971 F.2d 544, 546-47 (10th Cir. 1992)

---

[1] In addition, while attorneys in good standing may without further qualifications represent claimants, the Commissioner of Social Security prescribes qualifying rules for non-attorney representatives.  42 U.S.C. § 406(a)(1); 20 C.F.R. § 404.1705(b).  Non-attorneys, unlike attorneys, must sign a written notice of appointment as a claimant's representative.  Id. § 404.1707(b).

(explaining that notice and comment rulemaking requirements apply to "substantive" rules but not to "interpretive" rules).

## A.    Jurisdiction of Cordoba's Statutory Claims

As we understand Cordoba's appellate briefing, he complains that the district court erred in dismissing his substantive constitutional claims, and in declining to grant certain requested equitable relief once it found a violation of the APA.[2]  We discuss the equal protection claim below.  On the claims other than the constitutional claims, we agree with the district court that the only jurisdiction it had was limited jurisdiction to issue mandamus relief.  Although the case presents questions of federal law, the Social Security Act provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  42 U.S.C. § 405(h).  Section 405(h) has been broadly interpreted to bar federal district court suits involving social security claims, where jurisdiction is allegedly based on general

---

[2]  The SSA argues that the "equitable" relief Cordoba seeks is in reality a claim for money damages from the SSA.  The SSA contends that such a claim is barred by the APA, which only allows "relief other than money damages," 5 U.S.C. § 702, and is also barred by the Social Security Act, which only allows for the direct payment of fees from the SSA to an attorney, see 42 U.S.C. § 406(a)(4)(A).  We do not reach these arguments.  We also note the SSA's contention that Cordoba has abandoned on appeal his argument below that the different treatment of attorneys and non-attorneys amounts to an equal protection violation.  We conclude that Cordoba has preserved this argument on appeal.

federal question jurisdiction.  See Weinberger v. Salfi, 422 U.S. 749, 757-62 (1975).  Further, in Califano v. Sanders, 430 U.S. 99, 105-07 (1977), the Court held that the APA does not provide an independent source of subject matter jurisdiction.

We also agree with the district court that federal court jurisdiction under 42 U.S.C. § 405(g) does not extend to this case.  Section 405(g), by its terms,  would only apply if Cordoba were a "party" to a final agency decision of the Social Security Administration "made after a hearing."  However, § 406(a) sets out the statutory procedures for non-attorney representatives, and § 406(a)(3)(C) states that fee determinations by the agency are final.  Considering both § 405 and § 406, a claimant's representative should not be considered a "party" under section § 405(g).  Further, Cordoba concedes in his supplemental brief that "[s]ection 405(g) review is not available to Mr. Cordoba and Independent Paralegal Services.  The decision on representative fees is made without a hearing, [and] therefore is 'not a final decision of the Commissioner made after a hearing' to which Appellants were a party."

On the statutory claims, therefore, the only source of district court jurisdiction is the limited jurisdiction provided under the federal mandamus statute, 28 U.S.C. § 1361.  We recognized such jurisdiction in Ryan v. Shea, 525

-5-

F.2d 268, 272 (10th Cir. 1975).[3]  Such mandamus jurisdiction exists "for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).

In ruling on the cross-motions for summary judgment, the district court properly refused to order the Social Security Administration to approve Cordoba's previously denied fee agreements or other requested injunctive relief, because Cordoba failed to offer proof that he had exhausted all other avenues of relief before the agency.  In particular, the district court noted that, under 20 C.F.R. § 404.1725 (2000), the representative may file a fee petition for a fee award after the Social Security Administration initially refuses to enforce a fee agreement. The court noted that Cordoba, in the cross-motions for summary judgment, did not show that he had pursued this administrative remedy.[4]

---

[3]  While Ryan also recognized jurisdiction under the APA, a holding overruled by Sanders, 430 U.S. at 105-07, Ryan's holding that mandamus jurisdiction is available remains good law in this circuit.

[4]  After the court ruled on the cross-motions for summary judgment, Cordoba filed a motion for reconsideration.  As the district court noted, Cordoba argued that he had submitted fee petitions which had been rejected, but also argued that pursuing the fee petition process would be inefficient, time-consuming, and costly, thereby apparently conceding that this process was still available to him.  The district court noted that if Cordoba was saying that he had filed fee petitions, he should have presented that evidence before the court ruled on the summary judgment motions.  Second, the court noted that Cordoba had still failed to show why, if he filed a fee petition now, the Commissioner would not be

(continued...)

-6-

B.    Jurisdiction of Cordoba's Constitutional Claim

We are left with Cordoba's equal protection claim.  As discussed above, the Social Security Act and regulations thereunder draw some distinctions between attorneys and non-attorneys.  Over this constitutional claim, we are persuaded that the district court had general federal question jurisdiction under 28 U.S.C. § 1331.

Despite the language of § 405(h), discussed above, the Supreme Court has recognized that general federal question jurisdiction exists over certain constitutional claims relating to social security matters.  Whether an exception to § 405(h) exists for colorable constitutional claims was discussed by the Supreme Court in Califano v. Sanders, 430 U.S. 99 (1977), where the Court, in explaining prior case law, recognized the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the extraordinary step of foreclosing

---

[4](...continued)
compelled to grant his fee petition in light of the court's ruling that certain provisions under which Cordoba's fee agreements had been rejected were invalid. We agree with the Commissioner's appellate brief that "now that the HALLEX provisions have been invalidated, the appropriate and available forum for plaintiffs to seek the relief to which they are entitled is through the normal administrative procedures provided by 20 C.F.R. part 404.1700."  Hence, Cordoba again failed to show that he did not have an adequate alternative to mandamus relief.  We see no error in the court's denial of the motion for reconsideration.

jurisdiction unless Congress' intent to do so is manifested by clear and convincing evidence." Id. at 109 (internal quotation marks omitted).

More recently, in Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1 (2000), the Court addressed whether a district court had federal question jurisdiction to hear a challenge to certain Medicare regulations. The regulations allegedly violated constitutional and statutory requirements. Id. at 7. A provision of the Medicare Act incorporated § 405(h). The Court held that § 405(h) deprived the district court of federal question jurisdiction. Illinois Council interpreted Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667 (1986), as holding that § 1331 federal question jurisdiction would exist if without it "application of § 405(h) would not simply channel review through the agency, but would mean no review at all." Illinois Council, 529 U.S. at 19. Michigan Academy, however, only recognized a presumption of judicial review, which may be rebutted by "specific congressional intent to preclude judicial review." 476 U.S. at 673. In the pending case, § 406(a)(3)(C), discussed above, provides that review of a fee agreement by an administrative law judge "shall not be subject to further review," and arguably manifests congressional intent that there should be no judicial review of fee determinations.

After careful consideration, however, we are persuaded that the Social Security Act, and § 406(a)(3)(C) in particular, do not manifest "specific"

congressional intent under Illinois Council, or "clear and convincing" evidence of congressional intent under Sanders, that a constitutional claim of the sort Cordoba raises should not be cognizable in federal court. Section 406(a)(3)(C) concerns the procedures whereby an administrative law judge reviews the maximum fee allowed under the fee agreement procedure for obtaining fees. The fee agreement procedure is one of two procedures whereby fee can be recovered, the other being the fee petition procedure, see 42 U.S.C. § 406(a)(1); 20 C.F.R. § 404.1725 (2000). We do not read the procedures set out in § 406(a)(3)(C) as manifesting specific or clear and convincing congressional intent that Cordoba cannot challenge in federal court, on equal protection grounds, the regulatory scheme itself, rather than the fee awarded in a particular case under the extant scheme. See Buchanan v. Apfel, 249 F.3d 485, 490 (6th Cir. 2001) (distinguishing, for purposes of § 405(h), between "whether Congress intended to preclude review of challenges to the methods used in making those fee determinations, as opposed to precluding review of challenges to the individual fee determinations themselves."). Further, under Illinois Council, there is no apparent right under the regulatory scheme to challenge in an administrative proceeding the scheme itself on equal protection grounds, all the more reason to conclude that Congress did not intend to foreclose such a challenge in federal district court.

C.    The Equal Protection Claim

While the district court had general federal question jurisdiction to address the equal protection claim, judicial review of this claim, ultimately, is quite limited. The differing treatment of attorney and non-attorneys does not involve a suspect class and is subject to rational basis equal protection analysis. A statutory classification survives rational basis scrutiny "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification," and under rational basis review, "a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." FCC v. Beach Communications, Inc., 508 U.S. 307, 313, 315 (1993).

The district court and the SSA have provided a number of grounds on which the Social Security Administration and Congress might rationally treat lawyers and non-lawyer representatives differently in the adjudication of social security claims. The district court noted that "there are a number of reasons why Congress and the SSA could conceivably have chosen to differentiate in this manner between attorney and non-attorney representatives. The direct payment method may provide an incentive for attorney representatives. The supervision of attorneys disciplinary panels provide may have reassured Congress with respect to possible abuses of the fee paying process." We also agree with the SSA that "Congress could have found that it could enlist an adequate number of non-

-10-

attorney representative without resorting to the direct payment incentive it provided to attorneys." We are persuaded that the regulatory scheme passes rational basis equal protection scrutiny.

AFFIRMED.

ENTERED FOR THE COURT

Thomas M. Reavley
Senior Circuit Judge