MESKILL, Circuit Judge.
 

 This appeal from the United States District Court for the Eastern District of New York, Platt, /., ostensibly concerns whether the law firm of Binder
 
 &
 
 Binder P.C. is entitled to $1,200 in attorney’s fees that it earned representing a Social Security claimant or whether Binder’s recovery is barred by the claimant’s subsequent bankruptcy. Because we have serious questions about the source of federal jurisdiction over this case, however, we decline to reach the merits. Instead, we remand to the district court to consider the jurisdictional issue.
 

 I.
 

 On August 25, 1998, Gail S. Delnegro hired Binder to help her pursue disability benefits. After the Social Security Administration (SSA) denied her claim, Delnegro fired Binder and retained another lawyer, Joseph Puzzarella. Puzzarella subsequently obtained a fully favorable decision for Delnegro and received his requested fee of $250. By statute, the SSA withheld $4,116.75 (25% of Delnegro’s past due benefits) in the event that Binder claimed a fee,
 
 see
 
 42 U.S.C. § 406(a)(2)(A); 20 C.F.R. § 404.1720(b)(4), which of course it did.
 

 On July 5, 2000, Binder petitioned the SSA to approve $1,200 in fees for 22.75 hours of work. Delnegro opposed the petition. Slightly more than a year later, Delnegro and her husband filed for bankruptcy in the District of New Jersey. On January 8, 2002, Delnegro received a discharge from the bankruptcy court, extinguishing all of her outstanding personal liabilities.
 
 See
 
 11 U.S.C. § 727(b).
 

 SSA “Program Circular 98-050” provides that when a bankruptcy court discharges a claimant’s debts, the SSA is forbidden to authorize or pay attorney’s fees. Notwithstanding the discharge in bankruptcy, on March 21, 2002, the SSA disbursed $1,200 in fees to Binder. A week later, however, the SSA realized that it had made a mistake; it demanded that Binder turn the $1,200 over to Delnegro because of the bankruptcy discharge. On April 19, 2002, the SSA formally vacated its decision to authorize Binder’s fees, citing SSA Program Circular 98-050. Binder never remitted the fees to either the SSA or Delnegro and is currently holding the money in escrow pending a final disposition in this case.
 

 In May 2002, Binder commenced an action in the United States District Court for the Eastern District of New York seeking a declaration that it is entitled to retain the fees. According to Binder, the Social Security Act created a vested property right in its fees that survived the discharge. The district court ordered Binder to seek guidance from the New Jersey bankruptcy court, which reiterated that the discharge had extinguished all of Del-negro’s personal debts. This ruling effectively determined that Binder only was entitled to fees if it could demonstrate that it had an “attorney charging lien.” Under
 
 *130
 
 the Bankruptcy Code, such a lien would survive the discharge.
 
 See
 
 11 U.S.C. § 522(c)(2).
 

 Section 407 of the Social Security Act (the Act), however, forbids SSA benefits from being subject to “execution, levy, attachment, garnishment, or other legal process.” 42 U.S.C. § 407(a). The district court determined that an attorney charging lien is a form of “other legal process” barred by section 407, and so granted summary judgment to the SSA.
 
 See Binder & Binder, P.C. v. Barnhart,
 
 281 F.Supp.2d 574 (E.D.N.Y.2003). This appeal followed.
 

 II.
 

 Although Binder’s complaint lists five causes of action, it raises what are in essence only two claims: one under the Due Process Clause of the Constitution, the other under the Social Security Act. The constitutional claim alleges that Binder was denied notice and an opportunity to be heard in the New Jersey bankruptcy court before Delnegro was granted her discharge. The statutory claim asserts that, notwithstanding questions about the validity of Delnegro’s discharge, the Social Security Act created a vested property right in the fees, in the form of an attorney charging lien.
 

 Accordingly, Binder’s complaint asserts that the district court had federal question jurisdiction over these claims because “this is a civil action arising under the Social Security Act and the Due Process Clause of the Fifth Amendment to the United States Constitution.”
 
 See
 
 28 U.S.C. § 1331. Section 405(h) of the Social Security Act, however, ordinarily bars federal question jurisdiction over suits brought under that Act.
 
 See
 
 42 U.S.C. § 405(h) (“No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.”). Given Binder’s facially dubious jurisdictional claim, we undertook
 
 sua sponte
 
 to examine potential sources of federal jurisdiction.
 
 See United States v. Leon,
 
 203 F.3d 162, 164 n. 2 (2d Cir.2000) (per curiam).
 

 A.
 

 The most obvious source of jurisdiction over Social Security claims is section 405(g) of the Act, which provides in pertinent part that “[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action” brought in federal district court. 42 U.S.C. § 405(g). But section 405(g) is seemingly inapplicable to Binder’s suit because that section limits judicial review to those decisions involving “a party.”
 
 See Cordoba v. Massanari,
 
 256 F.3d 1044, 1047 (10th Cir.2001);
 
 see also Guadamuz v. Bowen,
 
 859 F.2d 762, 767-68 (9th Cir.1988).
 

 As noted, section 405(h) of the Act typically bars suits brought under our general federal question jurisdiction.
 
 See, e.g., Shalala v. Illinois Council on Long Term Care,
 
 529 U.S. 1, 10-15, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000);
 
 Heckler v. Ringer,
 
 466 U.S. 602, 614-16, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984);
 
 Mathews v. Eldridge,
 
 424 U.S. 319, 326-32, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976);
 
 Weinberger v. Salfi,
 
 422 U.S. 749, 760-61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). As with most rules of law, however, there is an exception: judicial review is available under section 1331 when there is no alternative.
 

 Typically, all cases arising under the Social Security Act are channeled through the appropriate administrative fora before they reach federal court; section 405(h) forbids federal suits that have
 
 *131
 
 not been administratively reviewed first. But where there is no appropriate administrative forum, it makes no sense to bar federal suit. We presume, after all, that Congress did not intend to foreclose
 
 all
 
 avenues of judicial review.
 
 See Buchanan v. Apfel,
 
 249 F.3d 485, 490 (6th Cir.2001). Thus, section 405(h)’s bar to federal question jurisdiction “does not apply ... where application of § 405(h) would not simply channel review through the agency, but would mean no review at all.”
 
 Illinois Council,
 
 529 U.S. at 19, 120 S.Ct. 1084.
 
 See generally Fanning v. United States,
 
 346 F.3d 386, 393-400 (3d Cir.2003).
 

 If we were to conceive of Binder’s claims as arising under the Social Security Act, then section 405(h) would appear to foreclose all judicial review of the agency’s policy because Binder, as a non-party in the administrative proceedings, likely cannot seek review under section 405(g). Thus, under the
 
 Illinois Council
 
 rule, federal question jurisdiction under section 1331 may be available after all.
 

 B.
 

 This line of reasoning presumes, however, that Binder’s claims “arise under” the Social Security Act. Whether that is really the case is not clear.
 

 Normally, the assertion in Binder’s complaint that its claims arise under federal law would be enough to invoke federal question jurisdiction. However, “a suit may sometimes be dismissed for want of jurisdiction where the alleged claim ... clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.”
 
 Bell v. Hood,
 
 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Thus, Binder’s allegation that its claims arise under federal law is not wholly dispositive.
 
 See, e.g., Local Div. 732, Amalgamated Transit Union v. Metropolitan Atlanta Rapid Transit Auth.,
 
 667 F.2d 1327, 1342 (11th Cir.1982) (finding no federal jurisdiction even though complaint alleged a claim under the Urban Mass Transportation Act of 1964, 49 U.S.C. § 1602, because “the alleged statutory violation purported] to add to the Union’s complaint nothing but a predicate for federal jurisdiction”).
 
 See generally Carlson v. Principal Fin. Group,
 
 320 F.3d 301, 306 (2d Cir.2003).
 

 Binder first asserts that it was denied due process because it was not given notice of Delnegro’s bankruptcy proceeding prior to the discharge. But neither the bankruptcy court’s discharge, nor the procedures that the court did or did not employ, is on appeal. Even if it were, the bankruptcy court is not in this Circuit. If Binder believes that it was not afforded due process in the bankruptcy court, its recourse is to move to reopen the bankruptcy.
 
 See
 
 11 U.S.C. § 350(b).
 

 That being so, Binder’s complaint makes clear that it has no due process claim against the SSA distinct from its complaint about the bankruptcy proceeding: Binder sought a declaration “that the attorneys fees awarded to [Binder] can not be unilaterally vacated by the Defendant SSA as notice of the commencement
 
 of the bankruptcy case
 
 filed by the Claimant was not provided to [Binder] and there was no opportunity for [Binder] to be heard on the matter [in the bankruptcy court].” (emphasis added). Binder also admitted at oral argument that the essence of its due process claim is that it “didn’t get notice of the bankruptcy proceeding.” In short, to the extent that Binder’s complaint asserts a due process claim regarding the SSA proceeding, there are serious questions about whether that claim “present[s] any issue worthy of adjudication” in this Circuit.
 
 Nowak v. Ironworkers Local 6 Pen
 
 
 *132
 

 sion Fund,
 
 81 F.3d 1182, 1190 (2d Cir.1996).
 

 Binder’s remaining claim asks for a declaration that it has an attorney’s lien on Delnegro’s past due benefits. An attorney’s lien, however, is a creation of state law.
 
 See
 
 N.Y. Judiciary Law § 475. Although determining whether Binder has a valid lien will require the court to construe the meaning of certain terms of the Social Security Act — in particular, 42 U.S.C. § 407(a)’s “other legal process” language — that does not transform the action into a federal one.
 
 See City of Rome v. Verizon Communications,
 
 362 F.3d 168, 176 (2d Cir.2004) (holding that declaratory judgment action asserting rights under state law was not subject to federal jurisdiction, notwithstanding plaintiffs contention that its “right to relief under state law require[d] resolution of a substantial question of federal law in dispute between the parties,” namely construction of the Telecommunications Act) (internal quotation marks omitted);
 
 see also Beneficial Nat’l Bank v. Anderson,
 
 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).
 

 A superficial examination of Binder’s complaint confirms that there are serious questions regarding whether its so-called Social Security Act claim actually arises under that Act. Binder’s thirteen-page complaint contains only three citations to the Act,
 
 [1]
 
 and all three citations are descriptive — -none of them purport to be a basis for relief. Binder reiterated this position at oral argument. In response to the question, “This action wasn’t brought under the Social Security Act [was it]?” Binder’s attorney replied unequivocally, “No. It was brought mostly under the bankruptcy code.”
 

 C.
 

 In sum, it appears that whether the suit arises under federal law turns largely on the nature of Binder’s claims. If one conceives of Binder’s claims (both constitutional and statutory) as arising out of property rights created by section 406 of the Act, then there probably is federal jurisdiction. If, on the other hand, the salient question is whether Binder has an attorney’s charging hen that falls within the definition of “other legal process” as that term is used in section 407 of the Act, then there is likely no jurisdiction.
 
 [2]
 
 This is so
 
 *133
 
 because section 407(a) was raised as a defense by the SSA. Even if that defense has now become the focal point of the litigation, a defense does not create a basis for federal jurisdiction. Indeed, even if Binder
 
 had
 
 asked in its complaint that the court construe section 407, that request would have been an “anticipatory rejoinder” to the SSA’s defense and would not have sufficed to create federal jurisdiction.
 
 City of Rome,
 
 362 F.3d at 175 n. 4.
 

 D.
 

 There is a third possible source of jurisdiction, in addition to section 405(g) of the Social Security Act and section 1331 of Title 28: mandamus jurisdiction,
 
 see
 
 28 U.S.C. § 1361. The SSA has in the past asserted that mandamus is unavailable to review challenges to the SSA’s procedures, but the Supreme Court has declined to so hold,
 
 see Your Home Visiting Nurse Servs, v. Shalala,
 
 525 U.S. 449, 456 n. 3, 119 S.Ct. 930, 142 L.Ed.2d 919 (1999);
 
 Heckler,
 
 466 U.S. at 616-17, 104 S.Ct. 2013, and we have held otherwise,
 
 see, e.g., City of New York v. Heckler,
 
 742 F.2d 729, 733-34 (2d Cir.1984);
 
 Dietsch v. Schweiker,
 
 700 F.2d 865, 867-68 (2d Cir.1983). Indeed, this case bears a close resemblance to
 
 Cordoba v. Massanari,
 
 where the Tenth Circuit held that a non-attorney representative might seek review of the procedures governing his fee award via mandamus.
 
 See
 
 256 F.3d at 1047.
 

 But this case differs from
 
 Cordoba
 
 and the others just cited in at least one important respect: the SSA already paid Binder. Mandamus review is only available “to compel an officer or employee of the United States or any agency thereof to
 
 perform a duty
 
 owed to the plaintiff.” 28 U.S.C. § 1361 (emphasis added). Thus, in the typical case where an attorney seeks his fees from the SSA in the aftermath of his client’s bankruptcy, mandamus jurisdiction might lie to compel the SSA to pay. Because the SSA already paid Binder, however, Binder’s prospective relief is entirely declaratory. And while declaratory relief is not necessarily inconsistent with mandamus jurisdiction,
 
 see generally Crawford v. Cushman,
 
 531 F.2d 1114, 1126 n. 15 (2d Cir.1976), here, there appears to be no duty “to compel.” It is thus not clear that mandamus can provide a source of federal jurisdiction on the peculiar facts of this case.
 
 See Wilbur v. United States ex rel. Kadrie,
 
 281 U.S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809 (1930).
 

 III.
 

 While we might ordinarily resolve the various questions surrounding jurisdiction ourselves,
 
 see, e.g., City of Rome,
 
 362 F.3d at 183 (deciding jurisdictional issue raised for first time on appeal), we choose not to do so in this case. Because jurisdiction is so intimately intertwined with questions about the nature of Binder’s claims— claims with which the district court is far more familiar — we vacate the judgment and remand to permit the district court the first opportunity to resolve the jurisdictional issue.
 
 See, e.g., United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square,
 
 30 F.3d 298, 299-300 (2d Cir.1994).
 

 Should the court determine that federal jurisdiction does exist, it is free to reinstate its original judgment in favor of the Social Security Administration. We note, however, that the Supreme Court’s recent decision in
 
 Washington State Department of Social and Health Services v. Guard
 
 
 *134
 

 ianship Estate of Keffeler,
 
 537 U.S. 371, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003), subtly disturbed the law of this Circuit.
 
 Compare Keffeler,
 
 537 U.S. at 384, 123 S.Ct. 1017 (endorsing a “restrictive[ ]” reading of the “other legal process” language of 42 U.S.C. § 407(a)),
 
 with Robbins ex rel. Robbins v. DeBuono,
 
 218 F.3d 197, 201 (2d Cir.2001) (expressing a preference for an “expansive definition of legal process, which embraces not only the use of formal legal machinery but also resort to express or implied threats and sanctions”) (quotation marks and citation omitted).
 
 See generally Ruck v. Novello,
 
 295 F.Supp.2d 258, 263 (W.D.N.Y.2003) (recognizing the tension between
 
 Keffeler
 
 and Robbins). Should the district court wish to revisit its initial ruling in light of
 
 Keffeler,
 
 it is of course free to do that as well.
 

 We vacate the judgment and remand to the district court for further proceedings consistent with this opinion.
 

 [1]
 

 . Binder’s complaint also contains several citations to SSA Program Circular 98-050, which instructs SSA claims handlers not to pay attorney’s fees once a social security claimant declares bankruptcy. The Program Circular, however, contains no relevant references to the Social Security Act.
 

 [2]
 

 . Parenthetically, we note that so conceived, the state courts provide a perfectly viable forum for Binder to litigate its dispute.
 
 See, e.g., Sharlot v. Sharlot,
 
 122 Misc.2d 350, 470 N.Y.S.2d 544 (Fam.Ct.1984),
 
 rev’d,
 
 110 A.D.2d 299, 494 N.Y.S.2d 238 (3d Dep’t 1985);
 
 see also Fredenburg v. Mental Health Div.,
 
 106 Or.App. 337, 807 P.2d 812 (Ct.App.1991),
 
 adhered to in,
 
 107 Or.App. 425, 812 P.2d 432 (Ct.App.1991);
 
 Kerlinsky v. Commonwealth,
 
 17 Mass.App.Ct. 501, 459 N.E.2d 1240 (App.Ct.1984);
 
 Brown v. Brown,
 
 32 Ohio App.2d 139, 288 N.E.2d 852 (Ct.App.1972);
 
 Ponath v. Hedrick,
 
 22 Wis.2d 382, 126 N.W.2d 28 (1964);
 
 Texas Baptist Children’s Home of Round Rock v. Corbitt,
 
 321 S.W.2d 610 (Tex.Civ.App.1959). Indeed,
 
 Philpott v. Essex County Welfare Board,
 
 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), which was until recently the leading Supreme Court case on section 407 of the Social Security Act, originated in the state system, ultimately affirming the initial judgment of the County Court.
 
 See Essex County Welfare Bd. v. Philpott,
 
 104 N.J.Super. 280, 249 A.2d 639 (Essex County Ct.1969),
 
 aff'd,
 
 109 N.J.Super. 48, 262 A.2d 227 (Super.Ct.App.Div.1970),
 
 rev’d,
 
 59 N.J. 75, 279 A.2d 806 (1971),
 
 rev’d
 
 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608.
 

 Moreover, as a practical matter, the state courts may be best equipped to decide this appeal on its merits. Although section 407 is a federal statute, its application here turns on the features of state law charging liens and
 
 *133
 
 whether they fall within the definition of "other legal process” provided by the Supreme Court in
 
 Washington State Department of Social and Health Services v. Guardianship Estate of Keffeler,
 
 537 U.S. 371, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003). A state court, more familiar with charging liens, might better apply the Court’s standard.