**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOCIAL SECURITY LAW CENTER,
LLC,

Petitioner-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

Respondent-Appellee.

No. 12-5192

(N.D. of Okla.)

(D.C. No. 4:10-CV-00535-GKF-PJC)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, Circuit Judges, and **JACKSON**[**], District
Judge.[***]

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] The Honorable R. Brooke Jackson, United States District Court Judge,
District of Colorado, sitting by designation.

[***] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

Social Security Law Center (SSLC) appeals a decision denying its petition for a writ of mandamus under 28 U.S.C. § 1361,[1] compelling the Social Security Administration (SSA) to approve a fee agreement to recover fees for representing a claimant. The district court denied the writ of mandamus because it found that SSLC had not exhausted all available avenues of relief.

Because SSLC has not availed itself of the fee petition process—an alternative avenue of collecting fees for representing claimants—and has failed to show that the fee petition process would be inadequate to supply the relief it seeks, we agree SSLC has failed to exhaust and AFFIRM the district court's denial of the writ of mandamus.

## I. Background

The Social Security Act provides two ways to recoup fees for representing claimants in administrative proceedings: through a fee petition, 42 U.S.C. § 406(a)(1), or through a contingency fee agreement, 42 U.S.C. § 406(a)(2). Traditionally, most claimants for Social Security benefits are represented on a contingency fee basis. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002).

Under § 406(a)(2), the Commissioner of Social Security "shall approve" a fee agreement if it is: 1) submitted to the Commissioner in writing prior to the

---

[1] Section 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

determination of the claim; 2) the fee does not exceed the lesser of 25 percent of the total amount of past due benefits or $4,000;[2] and 3) the determination is favorable to the claimant. 42 U.S.C. § 406(a)(2)(A). The fee will be the maximum fee specified in the agreement. *Id.*

Attorneys or lay representatives may only charge and receive a fee for their services if they file a written request with the SSA and the SSA approves the fee. 20 C.F.R. §§ 404.1720(b), 404.1725. Once the fee is approved, the SSA certifies the fee for payment out of the claimant's past-due benefits, subject to the limitations provided in 20 C.F.R. § 404.1730.

The claimant in this case, Scott Drummond, signed a fee agreement with SSLC, represented by Don Baker. The fee agreement was filed on April 22, 2009. Yet, on September 17, 2009, Baker notified the SSA that he was withdrawing from representing Drummond in the case. Drummond represented himself *pro se* at the ALJ hearing on December 29, 2009. The ALJ subsequently issued a decision in favor of Drummond on May 24, 2010.

On July 26, 2010, Baker requested that the ALJ approve the fee agreement. On the same day, he also indicated that he would file a fee petition, but he never did so. The ALJ disapproved the fee agreement on July 26, 2010, because Baker "withdrew from the case, before I favorably decided the claim, and [Baker] did

---

[2] This amount was increased to $6,000 effective June 22, 2009. 42 U.S.C. § 406(a)(2)(A); 74 Fed. Reg. 6080 (Feb. 4, 2009).

not waive charging and collecting a fee." App. 15 (citing HALLEX I-1-2-12B).[3] In the letter, the ALJ notified Baker that he had fifteen days to seek review of the determination of the fee agreement. The ALJ also notified him that if he did not seek review of the decision, he would need to file a fee petition to collect fees.

Baker never sought review of the ALJ's disapproval of the fee agreement. Instead, on August 19, 2010, he filed a petition for a writ of mandamus in the district court seeking to compel the ALJ to approve the fee agreement. The district court denied the petition for the writ of mandamus because it found that Baker had failed to pursue all available alternative avenues to seek payment for his representation.

## II. Analysis

The Supreme Court has made clear that the writ of mandamus is a "drastic" remedy that is "to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). The writ is intended to provide relief only if the petitioner has "exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (citations omitted).

---

[3] HALLEX, the SSA's "Hearings, Appeals, and Litigation Law Manual," is a set of internal guidelines for processing and adjudicating claims under the Social Security Act. *See* http://www.ssa.gov/OP_Home/hallex/I-01/I-1-0-1.html.

Once a party seeking mandamus shows that the prerequisites have been met, the court still exercises its own discretion in deciding whether to issue the writ. *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995); *see also Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976) ("Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." (citations omitted)). Because issuance of the writ is left up to the ultimate discretion of the district court, we review the district court's denial of the writ of mandamus for an abuse of discretion. But whether the petitioner has met the legal prerequisites for relief to issue is a question we review de novo. *Marquez-Ramos*, 69 F.3d at 479. Because the district court found that Baker did not satisfy the prerequisites to issue the writ, we therefore review its determination de novo. *See id.*

In rejecting Baker's fee agreement, the ALJ notified Baker that he could seek administrative review of the decision by sending a request for review within fifteen days of receipt of the decision and, alternatively, that Baker could collect his fee by filing an administrative fee petition. Baker argues that the statutory scheme envisions that the "fee agreement would replace the fee petition as long as it meets the statutory requirements," Reply Br. at 2, and therefore the fee petition process is not an alternative avenue of relief.

We disagree. To the contrary, the fee agreement was designed to "*generally* replace the fee petition process with a streamlined process" but "[i]f a

fee was requested for a claim which did not meet the conditions for the streamlined approval process, it would be reviewed under the regular fee petition process." *See Power v. Barnhart*, 292 F.3d 781, 786 (D.C. Cir. 2002) (citing H.R. Conf. Rep. No. 101-964, at 933 (1990)) (internal quotation marks omitted). Thus, the mere creation of the fee agreement process was not intended to eliminate the availability of the fee petition process as an alternative avenue of relief.

Our case law supports this conclusion. In *Cordoba v. Massanari*, we affirmed the district court's denial of a petition for a writ of mandamus filed by a non-attorney representative of a Social Security claimant whose fee agreements had been repeatedly denied. 256 F.3d 1044, 1047 (10th Cir. 2001). In that case, we found the petitioner had failed to prove that he had exhausted all other avenues of relief because he had not filed a fee petition pursuant to 20 C.F.R. § 404.1725. *Id.* Although the district court below did not address whether the reasons for the ALJ's disapproval of the fee agreement were entitled to deference, this does not change *Cordoba*'s requirement that a representative seeking approval of a fee agreement must exhaust all available administrative remedies—including a fee petition—before the writ of mandamus may be granted. *See also Power,* 292 F.3d at 786 (holding that petitioner had failed to exhaust alternative remedies for review of his fee agreement because the SSA notified petitioner he could obtain his fee by filing a fee petition).

-6-

In addition, Baker has not shown that the fee petition process was inadequate to supply the relief he seeks, namely the payment of his fees for representation. Nowhere has Baker alleged or shown that he would have received less money by seeking to collect his fees through the petition process as opposed to the fee agreement alternative. *See Power*, 292 F.3d at 787 & n.5. In fact, fees determined as a result of the fee petition process could in theory be even higher than that in a fee agreement, as the latter are statutorily capped whereas the former are not. *See id.*

The SSA considers the "extent and type of services the representative performed" and "the amount of time the representative spent on the case," in evaluating a fee petition, 20 C.F.R. § 404.1725(b). Because Baker did not actually represent the claimant before the ALJ, the SSA is therefore unlikely to approve a high fee award in his case. Faced with the low likelihood of recouping a high fee award through a fee petition, it is easy to see why Baker would prefer to avoid the fee petition process. But a petitioner's mere preference for one form of relief over another is not sufficient to grant the extraordinary remedy embodied by the writ of mandamus. *See, e.g.*, *Heckler*, 466 U.S. at 619; *Power*, 292 F.3d at 787.

# III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge