Argued and submitted December 19, 1990, affirmed March 13, reconsideration allowed by opinion May 29, 1991
See 107 Or App 425, 812 P2d 432 (1991)

Dwight FREDENBURG,
Stephen Davison, Richard Allen,
and Dorris Derrick,
*Appellants,*

*v.*

MENTAL HEALTH DIVISION,
*Respondent.*

(89C-11042, 89C-11086, 89C-11087,
89C-11088; CA A64530)

807 P2d 812

Robert C. Joondeph, Portland, argued the cause and filed the briefs for appellants.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioners appeal a judgment upholding orders of the Mental Health Division (Division) that determined that they are able to pay for the cost of their care and maintenance at Oregon State Hospital (OSH) and fixed the extent of their liability. *Former* ORS 179.650.[1] We affirm.

Petitioners are under the jurisdiction of the Psychiatric Security Review Board (PSRB) because of adjudications under ORS 161.319 that they were guilty of criminal charges, except for insanity. They are patients in the Forensic Psychiatric Program at OSH, which treats two groups of patients. The first group, like petitioners, is under the jurisdiction of PSRB. Division billed those patients for the cost of their care pursuant to ORS 179.620 (*since amended by* Or Laws 1989, ch 348, § 2).[2] The second group is persons who have been administratively transferred from a correctional facility, ORS 179.475, or civilly committed to the program, ORS 179.477, after having been convicted of a crime and placed under the jurisdiction of the Department of Corrections (DOC). Division did not bill the second group for the cost of their care.[3]

---

[1] *Former* ORS 179.650 provided:

"(1) An appeal may be taken to the circuit court from an order of the division made after a hearing under ORS 179.640(3), within 60 days after the date of the making of the order, and from the circuit court to the Court of Appeals in the manner provided by law for appeals from the circuit court.

"(2) An order declaring the financial ability of the person at the state institution or the estate of the person to pay for the care and maintenance of the person under ORS 179.640 shall remain in full force and effect, unless modified by subsequent court or division orders."

*Former* ORS 179.650 was repealed by Oregon Laws 1989, chapter 348, section 16.

[2] At the time of these proceedings, ORS 179.620 provided:

"(1) If a person at a state institution is possessed of an income sufficient to pay the expenses of care and maintenance, the person at the state institution is required to reimburse the State of Oregon for the cost of the care and maintenance during the person's stay at the state institution.

"(2) A person at a state institution is liable for the payment of the monthly charge fixed as provided in ORS 179.701 for care and maintenance according to the person's ability to pay determined as provided in ORS 179.610 to 179.770.

"(3) Upon the death of any person who is or has been a person at a state institution, the estate of the person shall be liable for the cost of care and maintenance of the person as computed under ORS 179.701. The liability of the person's estate is limited to the cost of care and maintenance incurred on or after July 24, 1979. For purposes of this section and ORS 179.740, the person's estate shall not include assets placed in trust for the person by other persons."

[3] As a result of the 1989 amendments, DOC transferees may be liable for the cost of their care.

Division issued a "Reimbursement Order for Cost of Care" to each petitioner. Each requested a hearing to contest the order. The referee upheld the reimbursement orders. Petitioners appealed to the circuit court under *former* ORS 179.650. The court sustained the orders. Petitioners contend that the court erred in holding that the orders do not violate Article I, section 20, of the Oregon Constitution, the Equal Protection Clause of the Fourteenth Amendment and their federal statutory rights. They seek to be relieved of the obligation to pay for their care.

For the purposes of ORS 179.620, ORS 179.610(2) (*since amended by* Or Laws 1989, ch 348, § 1) defined "person at a state institution" as

"(a)  A patient at a state institution for the mentally ill.

"(b)  A resident at a state institution for the mentally ill.

"(c)  A patient at a state tuberculosis hospital.

"(d)  A patient at the Columbia Park Hospital and Training Center."

In 1981, the attorney general issued an opinion, saying:

"When a prisoner who has been convicted of a crime is transferred to the Mental Health Division for treatment, the division cannot charge for the cost of care as long as the prisoner remains within the custody of the Department of Corrections." 41 Op Atty Gen 365, 367 (1981). (Citation omitted.)

He reasoned that administrative transferees and civilly committed prisoners are not "patient[s] at a state institution for the mentally ill," ORS 179.610(2)(a), and thus are not "person[s] at a state institution," ORS 179.610(2), because they are still under the authority of DOC while in a state mental facility. 41 Op Atty Gen at 367.

■     Petitioners do not argue that ORS 179.620 is unconstitutional. Instead, they assert that Division's "practice" of charging them for their cost of care, but not charging DOC transferees, violates Article I, section 20. Even if their assertion is correct, they are not entitled to the remedy that they seek. Under their argument, the charges made against them pursuant to ORS 179.620 are constitutional. It is the state's action of not charging others that is purportedly unconstitutional. Inequality in the administration of a law can be a

constitutional violation. *State v. Clark,* 291 Or 231, 630 P2d 810, *cert den* 454 US 1084 (1981). However, inequality under these circumstances does not immunize petitioners from *their* lawful obligations. At issue here is the propriety of the orders requiring *them* to pay for the cost of *their* care. Ensuring that Division treat them equally with DOC transferees by requiring the transferees to pay for the cost of care is not what petitioners request. Accordingly, the trial court did not err in sustaining Division's orders. For the same reasons, we also reject their arguments under the Equal Protection Clause. *See State v. Clark, supra,* 291 Or at 244.

■ Petitioners also assign error to the trial court's holding that Division did not violate 42 USC § 407(a)[4] when it considered their Social Security benefits in calculating ability to pay. They refer us to *Swan and Swan,* 301 Or 167, 720 P2d 747 (1986), where the court held that, in a dissolution judgment, Social Security benefits may not be included in the value of marital property to be divided and in determining how much property to award each spouse. The court said:

> "The effect of including the value of either spouse's [S]ocial [S]ecurity benefits in the property to be divided is to allow the trial court to divide that value between the spouses. This conflicts with 42 USC §§ 407, 659 and 662(c)." 301 Or at 176.

■ *Swan* is inapposite. The effect of Division's consideration of petitioners' Social Security benefits in determining ability to pay is described in ORS 179.653, which provides, in part:

> "(1) If any person or authorized representative refuses to pay for the cost of care as ordered by the division under ORS 179.640, the amount unpaid plus interest shall be a lien in favor of the State of Oregon. The lien shall arise as each payment is due under the order and shall continue until the liability with interest is satisfied. * * *
>
> "(2) [T]he lien shall only be valid against:
>
> "* * * * *

---

[4] 42 USC § 407(a) provides:

"The right of any person to any future [Social Security] payment under this subchapter shall not be transferrable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

"(c) Assets *subject to lien* held by any person or entity having actual knowledge of the ability-to-pay order or the lien." (Emphasis supplied.)

Division may enforce the lien by issuing a distraint warrant. ORS 179.655. Because Social Security benefits are exempt from "execution, levy, attachment, garnishment, or other legal process" under 42 USC § 407(a), they cannot be the subject of a lien under ORS 179.653. It follows that the consideration of petitioners' Social Security benefits in determining their liability for the cost of their care cannot have the effect of transferring or assigning the benefits to Division. We agree with the trial court that 42 USC § 407(a) was not violated by Division's action. *See also State Central Collection Unit v. Stewart,* 292 Md 255, 438 A2d 1311 (1981).

Affirmed.