On appellants' petition for reconsideration filed April 17, petition for reconsideration allowed, opinion (106 Or App 337, 807 P2d 812) modified and adhered to as modified May 29, reconsideration denied August 14, petition for review allowed September 24, 1991 (312 Or 150)

Dwight FREDENBURG,
Stephen Davison, Richard Allen
and Dorris Derrick,
*Appellants,*

*v.*

MENTAL HEALTH DIVISION,
*Respondent.*

(89C-11042, 89C-11086, 89C-11087,
89C-11088; CA A64530)

812 P2d 432

Robert C. Joondeph, Portland, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Appellants have petitioned for review of our opinion. 106 Or App 337, 807 P2d 812 (1991). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it, modify our opinion and adhere to it.

Appellants assert that we erred in holding that Division's consideration of their Social Security benefits did not violate 42 USC § 407(a).[1] They argue that we improperly relied on the present version of ORS 179.653, rather than on the version that was in effect on the date of the administrative orders relevant to this case.

Division's orders were issued May 12, 1989, when ORS 179.653 provided:

"If any person at a state institution or the estate of the person refuses to pay for the cost of that person as ordered by the division under ORS 179.640, the amount unpaid and interest thereon shall be a lien in favor of the State of Oregon upon the property and rights to the property, whether real or personal, belonging to the person. The lien shall arise as each payment is due under the order and shall continue until the liability with interest is satisfied."

On June 13, 1989, that provision was amended to provide, in part:

"(1)   If any person or authorized representative refuses to pay for the cost of care as ordered by the division under ORS 179.640, the amount unpaid plus interest shall be a lien in favor of the State of Oregon. The lien shall arise as each payment is due under the order and shall continue until the liability with interest is satisfied. * * *

"(2)   * * * [T]he lien shall only be valid against:

"* * * * *

"(c)   Assets *subject to lien* held by any person or entity having actual knowledge of the ability-to-pay order or the lien." Or Laws 1989, ch 348, § 4. (Emphasis supplied.)

---

[1] 42 USC § 407(a) provides:

"The right of any person to any future [Social Security] payment under this subchapter shall not be transferrable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law."

Our opinion improperly relied on the amended version of ORS 179.653. Nonetheless, we conclude that Division did not violate 42 USC § 407(a) when it considered petitioners' Social Security benefits in calculating their ability to pay for care. As we said:

> "Because Social Security benefits are exempt from 'execution, levy, attachment, garnishment or other legal process' under 42 USC § 407(a), they cannot be the subject of a lien under ORS 179.653. It follows that the consideration of petitioners' Social Security benefits in determining their liability for the cost of their care cannot have the effect of transferring or assigning the benefits to Division." 106 Or App at 342.

The same reasoning applies under the applicable version of ORS 179.653.

Petition for reconsideration allowed; opinion modified and adhered to as modified.