Argued and submitted August 2, reversed and remanded October 16, 2019

Gina TRENT,
an individual,
*Plaintiff-Appellant,*

*v.*

CONNOR ENTERPRISES, INC.,
a domestic corporation,
dba Best Western New Oregon,
*Defendant-Respondent.*

Lane County Circuit Court
17CV02841; A167572

452 P3d 1072

In this wage action, plaintiff accepted an offer to allow judgment in the amount of $2,500, resulting in a general judgment in plaintiff's favor. Plaintiff subsequently requested an award of attorney fees and costs, pursuant to ORS 652.200(2) and 29 USC § 216(b). The trial court awarded costs, but it denied attorney fees on the basis that plaintiff had acted unreasonably and in bad faith in the litigation and therefore was not entitled to an award under either statute. In denying attorney fees under ORS 652.200(2), the court also relied on plaintiff's attorney having not given adequate notice of plaintiff's claim before filing an action. Plaintiff appeals the supplemental judgment, challenging the denial of attorney fees. *Held*: The trial court erred in concluding that plaintiff is not entitled to attorney fees under either statute. Under the terms of both statutes, plaintiff is entitled to an award of attorney fees, although the trial court will have discretion on remand in deciding a "reasonable" amount to award.

Reversed and remanded.

Charles D. Carlson, Judge.

David A. Schuck argued the cause for appellant. Also on the briefs were Stephanie J. Brown, Karen A. Moore, and Schuck Law, LLC.

Gregory T. Lusby argued the cause for respondent. Also on the brief were Ariana Denley and Arnold Gallagher P.C.

Before Armstrong, Presiding Judge, and Egan, Chief Judge, and Aoyagi, Judge.*

AOYAGI, J.

Reversed and remanded.

_____

* Egan, C. J., *vice* Schuman, S. J.

**AOYAGI, J.**

Plaintiff brought this wage action against defendant, her former employer, under state and federal law. About 10 months after plaintiff filed her original complaint, defendant made an offer to allow judgment in the amount of $2,500, pursuant to ORCP 54 E, which plaintiff accepted, resulting in a stipulated general judgment. Plaintiff thereafter requested attorney fees and costs under ORS 652.200(2) and 29 USC § 216(b). The trial court awarded costs, but it denied attorney fees on the basis that plaintiff had "acted unreasonably and in bad-faith" in the litigation and therefore was not entitled to an award under either statute. On appeal, plaintiff challenges the denial of attorney fees. Because we agree with plaintiff that the trial court misconstrued the fee statutes, we reverse and remand for further proceedings.

## FACTS

The relevant facts are minimal and largely procedural. Historical facts are stated consistently with unchallenged factual findings by the trial court.

Plaintiff worked for defendant until November 2016, when her employment was terminated. On January 18, 2017, plaintiff's counsel notified defendant of a $511.87 wage deficiency. A week later, on January 25, plaintiff filed a complaint in the circuit court alleging a state wage claim, which she later amended to add a federal wage claim. On January 27, without knowledge of the complaint, defendant mailed a check to plaintiff in the amount of $1,044.74. Plaintiff did not cash the check and, on January 30, authorized her attorney to proceed with the litigation. On March 20, defendant's counsel initiated settlement discussions with plaintiff's counsel, which continued, unsuccessfully, until November 14.

On November 14, defendant made an offer to allow judgment pursuant to ORCP 54 E. *See* ORCP 54 E (limiting attorney fees if a party does not accept a qualifying pretrial offer and then recovers less than the offer amount at trial). Specifically, defendant offered to allow judgment in plaintiff's favor "in the sum of $2,500.00 to resolve all claims,

including counterclaims, with costs, disbursements and/or attorney fees to be determined by the Court per ORCP 68." Plaintiff accepted the offer. The trial court entered a stipulated general judgment, awarding $2,500 to plaintiff and dismissing defendant's counterclaims. As to costs, disbursements, and attorney fees, the general judgment states, "Yes, to be determined pursuant to ORCP 68."

After entry of the general judgment, plaintiff filed a statement of attorney fees and costs, seeking approximately $45,000 in fees and $733 in costs. The trial court ultimately awarded the requested costs, but it denied attorney fees on the basis that plaintiff had acted unreasonably and in bad faith. As relevant to the denial of fees, the trial court adopted written findings and conclusions, describing the history of the litigation and culminating with the following paragraph:

"Pursuant to ORS 652.200(2) and 29 USC § 216(b), the Plaintiff has acted unreasonably and in bad-faith resulting in the Plaintiff not being entitled to an award of attorney fees *** because Plaintiff failed to comply with the notice requirements,[1] moved forward filing a suit on a theory that the Plaintiff had a prior violation of ORS 652.140 in the previous year when that was not true, [and] failed to accept the timely tendered check in the amount $1044.74 which would have amply covered the Plaintiff's claim especially with the Plaintiff subsequently acknowledging in court filings that her wage claim totaled just $266.73 while Defendant acknowledged that any such wage computations errors were *De Minimis* and totaled only $27.29 which the timely check sent to Plaintiff's counsel in the amount of $1044.74 more than covered. Thus, the Plaintiff shall not be awarded any attorney fees in this matter."

In so ruling, the trial court specifically rejected an alternative approach, which defendant had suggested, of concluding that plaintiff was statutorily entitled to attorney fees but awarding a reduced amount as a "reasonable" award based on the factors in ORS 20.075. ORS 20.075 sets

---

[1] Based on the trial court record and the arguments made below, we understand "the notice requirements" to refer to ORS 652.200(2), which contains a notice provision relevant to plaintiff's state-law claim.

out the various factors that a court must consider "in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute." As defendant pointed out, those factors include, among others, the objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings, the objective reasonableness of the parties and their diligence in pursuing settlement, the novelty and difficulty of the legal issues, and the amount involved in the controversy and the results obtained. *See* ORS 20.075 (1)(e) - (f); ORS 20.075(2)(a), (d). The trial court rejected that portion of defendant's proposed findings and conclusions.[2] Instead, it ruled that plaintiff was not "entitled" to attorney fees under ORS 652.200(2) or 29 USC § 216(b).

Plaintiff appeals the denial of attorney fees. In her first assignment of error, plaintiff asserts that the trial court erred by denying her attorney fees under 29 USC § 216(b).[3] In her second assignment of error, plaintiff asserts that the trial court erred by denying her attorney fees under ORS 652.200(2). In her third assignment of error, plaintiff asserts that the trial court "abused its discretion" in denying her attorney fees because "there is no evidence in this record to support a finding that Plaintiff had knowledge of facts that rendered her attempts to settle this case unreasonable, in bad faith, or lacking in diligence."

We address each issue in turn. In doing so, we review the trial court's "legal determinations with respect to entitlement to attorney fees for errors of law," and we review exercises of discretion for abuse of discretion. *Johnson v. O'Malley Brothers Corp.*, 285 Or App 804, 812, 397 P3d 554,

---

[2] Defendant proposed findings on several ORS 20.075 factors, and, on appeal, plaintiff challenges at least one of those proposed findings—regarding the novelty or difficulty of the legal issues—which suggests some confusion as to which findings were adopted. The supplemental judgment specifies the page and line numbers of the adopted findings. The trial court did not adopt the proposed ORS 20.075 findings.

[3] In her first assignment of error, plaintiff also assigns error to the denial of costs. However, as previously noted, the trial court ultimately did award costs to plaintiff—in the amount requested—by order entered March 27, 2018, and supplemental judgment entered April 17, 2018. As such, we address only the issue of attorney fees.

*rev den*, 362 Or 300 (2017) (quoting *Barber v. Green*, 248 Or App 404, 410, 273 P3d 294 (2012)).[4]

## ATTORNEY FEES UNDER 29 USC § 216(b)

Under 29 USC § 216(b), when an employee is awarded judgment on a claim under sections 206 or 207 of the Fair Labor Standards Act (FLSA), the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In this case, the trial court determined that plaintiff had "acted unreasonably and in bad-faith" in bringing and maintaining the action and, on that basis, concluded that plaintiff was not entitled to attorney fees under 29 USC § 216(b).

In her first assignment of error, plaintiff challenges that ruling, arguing that an award of attorney fees is mandatory under the FLSA. Because judgment was entered in her favor, plaintiff contends, "the trial court was required to award her reasonable attorney fees and costs and had no discretion to decline to do so." Defendant responds that plaintiff was not entitled to attorney fees because plaintiff did not "prevail" on her FLSA claim; because there was no determination that defendant "actually" violated 29 USC § 206; and because any violation of 29 USC § 206 was *de minimis.*

We agree with plaintiff that an award of reasonable attorney fees under 29 USC § 216(b) is mandatory, not discretionary. That is apparent from the face of the statute and is not seriously in dispute. *See* 29 USC § 216(b) (the court "shall" award a reasonable attorney's fee and costs); *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F2d 436, 441 (9th Cir 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorney's fee."). In the trial court, defendant argued that plaintiff nonetheless was not entitled to attorney fees because of a "bad-faith exception" to fee awards under 29 USC § 216(b). Defendant does not reprise that argument

---

[4] Defendant argues that we should reject each of plaintiff's assignments of error as unpreserved because the preservation sections of plaintiff's opening brief do not comply with ORAP 5.45. Defendant does not argue that the issues are not actually preserved, however, and we conclude that at least the first and second assignments of error are preserved and address them on their merits.

on appeal.[5] Instead, defendant makes new arguments, as described above, which it did not make to the trial court and on which the trial court did not rely in reaching its decision.

We may affirm a trial court ruling on an alternative basis that was not raised in the trial court when certain conditions are met. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001). However, our consideration of such alternative bases for affirmance "is a matter of prudential discretion and not compulsion." *Biggerstaff v. Board of County Commissioners*, 240 Or App 46, 56, 245 P3d 688 (2010). In this case, we decline to exercise our discretion to consider the alternative bases to affirm, even assuming the predicate conditions are met.

As a preliminary matter, defendant has not asked us to exercise our discretion and, consequently, has not explained why it is appropriate to do so here. Further, based on the existing briefing, defendant has not persuaded us that any of its alternative arguments are meritorious, and we decline to try to develop arguments ourselves that were not made to the trial court, that have not been briefed sufficiently to persuade us of their merit, and that raise potentially complicated issues. *See Biggerstaff*, 240 Or App at 56 (failure to raise an issue in the trial court may "militate against" our considering it, even when the issue is purely legal, especially if it presents a substantial legal issue); *see also WaterWatch of Oregon v. Water Resources Dept.*, 268 Or App 187, 213, 342 P3d 712 (2014) (stating, more generally, that it is not our proper function to develop a party's argument for it). Finally, because the general judgment does not distinguish between plaintiff's FLSA claim and her state wage claim, the trial court would have been in a better position than we are to address at least two of defendant's new arguments in the first instance—whether plaintiff "prevailed" on her FLSA claim, and whether any violation of 29

---

[5] Because the trial court may have relied on that argument, we observe that the cases cited in defendant's briefing to the trial court do not support the proposition that there is a "bad-faith exception" to attorney fee awards under 29 USC § 216(b). Rather, those cases address a very different issue: when a district court may award attorney fees to a defendant, based on the plaintiff's bad-faith conduct in litigation, notwithstanding the lack of any statutory right to fees. *E.g.*, *Roadway Exp., Inc. v. Piper*, 447 US 752, 765-66, 100 S Ct 2455, 2463-64, 65 L Ed 2d 488 (1980).

USC § 206 was *de minimis* within the meaning of federal law. We therefore decline to consider defendant's proffered alternative bases to affirm.

Accordingly, we conclude that the trial court erred in ruling that plaintiff was not entitled to reasonable attorney fees under 29 USC § 216. On remand, the trial court may apply the appropriate standard to determine what amount is reasonable under the circumstances, but the statute does require an award.

### ATTORNEY FEES UNDER ORS 652.200(2)

Under ORS 652.200(2), in an action for the collection of wages, "the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action[.]" Two exceptions apply: if "it appears that the employee has willfully violated the contract of employment," or if "the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action." ORS 652.200(2).

In this case, the trial court determined that plaintiff had "acted unreasonably and in bad-faith" in bringing and maintaining the action, including by not complying with "the notice requirements" for ORS 652.200(2), and that, consequently, plaintiff was not entitled to an award of attorney fees. Plaintiff challenges that ruling in her second assignment of error, arguing that ORS 652.200(2) requires the court to award attorney fees to a prevailing plaintiff on a wage claim. Plaintiff argues that neither statutory exception applies in this case. In particular, she argues that the trial court erred in applying the second exception, because her attorney gave written notice of the wage claim to defendant before filing the action, which is all that ORS 652.200(2) requires. Defendant responds that plaintiff was not entitled to an award because plaintiff did not "prevail" on her Oregon wage claim; because defendant never admitted to owing any wages under Oregon law; because there was no determination that defendant "actually" owed wages

under Oregon law; and because plaintiff unreasonably failed to give notice within the meaning of ORS 652.200(2).

In the trial court, defendant argued, and the trial court agreed, that plaintiff is not statutorily entitled to attorney fees because her attorneys acted in bad faith. On appeal, however, defendant implicitly concedes that there is no "bad-faith exception" to a fee award under ORS 652.200(2). The other argument that defendant made in the trial court, with which the trial court agreed, is that plaintiff is not entitled to attorney fees under ORS 652.200(2) because she unreasonably failed to give notice. Defendant maintains that argument on appeal, and we address it below. As for defendant's other arguments—which posit alternative bases to affirm raised for the first time on appeal—we decline to exercise our discretion to consider them for reasons similar to those discussed with respect to the first assignment of error. *See Biggerstaff*, 240 Or App at 56.

Returning to the notice issue, ORS 652.200(2) contains an exception to the mandatory fee provision that applies, as previously mentioned, if "the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action." Here, it is undisputed that plaintiff's attorney gave written notice of the wage claim to defendant before filing the action—specifically one week before filing the action. Plaintiff's attorney argues that, because she gave notice before filing, it cannot be said that she "failed" to give notice before filing, let alone "unreasonably" failed to give notice before filing. Defendant counters that the notice was insufficient because it was provided only a week before filing and therefore did not provide defendant with a meaningful time period in which to respond.

A lengthy discussion of the text, context, and legislative history of the statute is unnecessary to resolve the present dispute. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (methodology for statutory construction). The text of a statute "is the starting point for interpretation and is the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993); *Gaines*, 346 Or at 171 (explaining why "text and

context remain primary, and must be given primary weight in the analysis"). Here, the text is clear, and, in our view, forecloses defendant's argument.

ORS 652.200(2) does not provide that, when the plaintiff's attorney failed to give notice *within a reasonable time before filing the action*, the court is not required to award fees. If the statute said that, defendant would have a persuasive argument that the trial court did not err in concluding that the notice here was given too close in time to the filing of the action. Instead, ORS 652.200(2) creates a narrower exception to mandatory fees: when the plaintiff's attorney "unreasonably failed to give written notice of the wage claim to the employer *before filing the action*." (Emphasis added.) The only time limitation on giving written notice of the wage claim is that it must occur "before" filing the action. On this record, it cannot be said that plaintiff's attorney failed to give written notice "before" filing the action.

As for context and legislative history, we recently discussed the notice provision in ORS 652.200(2) in *Mathis v. St. Helens Auto Center, Inc.*, 298 Or App 647, 662-63, 447 P3d 490 (2019). For present purposes, it suffices to say that no one has identified, and we are unaware of, any context or legislative history that supports, let alone compels, a construction contrary to what we view as the plain text. Although there might be a good policy argument to require that notice to be given by a certain date in advance of filing an action, or within a "reasonable" time before filing an action, the legislature chose not to impose such a limitation. Consequently, we are construing a statute that simply requires notice to be given "before" filing an action, as a condition for a mandatory fee award, and we disagree with defendant that we can construe "before" to mean *more than a week* before. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted * * *.").

Accordingly, we conclude that the trial court erred in ruling that plaintiff was not entitled to reasonable attorney

fees under ORS 652.200(2). The trial court's determination that plaintiff "failed to comply with the notice requirements"—which we understand to mean that plaintiff unreasonably failed to give notice before filing the action—is based on a misconstruction or misapplication of the notice provision. On remand, the trial court will have discretion in deciding what amount of attorney fees is reasonable to award under the circumstances of this case, *see* ORS 20.075, but ORS 652.200(2) does mandate an award.

## ALLEGED "ABUSE OF DISCRETION"

In her final assignment of error, plaintiff contends that the trial court "abused its discretion" in denying her attorney fees because "there is no evidence in this record to support a finding that Plaintiff had knowledge of facts that rendered her attempts to settle this case unreasonable, in bad faith, or lacking in diligence." It is unclear what "discretion" plaintiff is asserting that the trial court abused. As we have already ruled, plaintiff is correct that a fee award is mandatory, not discretionary, under 29 USC § 216(b) and ORS 652.200(2). And, because the trial court misconstrued the statutes, it never reached the point of exercising its discretion in setting the amount of an award—it consciously chose not to adopt that portion of the proposed judgment. As such, the trial court does not appear to have exercised any discretion. Or, if it did, plaintiff has not identified when or where it did so. *See* ORAP 5.45(3), (4)(a)(ii) (requiring each assignment of error to "identify precisely" the challenged ruling, to "set out pertinent quotations" regarding "where the question or issue was raised and the challenged ruling was made," and to provide record citations). We therefore reject plaintiff's third assignment of error.[6]

Reversed and remanded.

---

[6] We express no opinion as to the sufficiency of the evidence to support the findings that plaintiff challenges *within* her third assignment of error. Because those findings were not the basis for any exercise of discretion, we have no occasion to review them.