**This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).**

Argued and submitted January 7, 2022; reversed and remanded April 12, 2023

Gina TRENT,
an individual,
*Plaintiff-Appellant,*

*v.*

CONNOR ENTERPRISES, INC.,
a domestic corporation,
dba Best Western New Oregon,
*Defendant-Respondent.*

Lane County Circuit Court
17CV02841; A174587

Charles D. Carlson, Judge.

David A. Schuck argued the cause for appellant. Also on the briefs were Stephanie J. Brown, Karen A. Moore, and Schuck Law, LLC.

Gregory T. Lusby argued the cause for respondent. Also on the brief were Jack W. Miller and Arnold Gallagher P. C.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

This wage action is before us for a second time following our remand in *Trent v. Connor Enterprises, Inc.*, 300 Or App 165, 452 P3d 1072 (2019). Like the first appeal, plaintiff challenges the trial court's decision on attorney fees. As explained below, because we conclude that the trial court predicated its decision on at least one factual determination that lacks sufficient evidentiary support, we again reverse and remand for further proceedings.

Plaintiff sued defendant, her former employer, alleging a wage deficiency in violation of state and federal laws. About 10 months after the complaint was filed, the parties resolved the merits of the dispute and entered into a stipulated general judgment for $2,500, and plaintiff subsequently sought costs and approximately $45,000 in attorney fees. The trial court awarded costs but denied attorney fees, and plaintiff appealed. We reversed and remanded for the trial court to award attorney fees in an amount that the trial court determined was reasonable, concluding that the court misconstrued the fee statutes. *Id*. at 166. On remand, the trial court awarded plaintiff $1,229.80 in attorney fees.

Plaintiff again appeals asserting, among other arguments, that the trial court erred by failing to comply with our prior decision by misapplying the ORS 20.075 factors on remand. Defendant remonstrates that the trial court did not err because it correctly applied its previous unchallenged factual findings and the ORS 20.075 factors to determine the amount of attorney fees to award to plaintiff.[1]

---

[1] Defendant also aptly notes that plaintiff has again failed to satisfy the requirements of ORAP 5.45(4)(a)(ii), which provides that each assignment of error must set out pertinent quotations of the record where the issue was raised and where the challenged ruling was made. As we observed in the first appeal, lack of compliance with ORAP 5.45 may render a claim of error unreviewable on appeal. *See* ORAP 5.45(4)(a) (providing that we may decline to review an assignment of error that requires us "to search the record to find the error or to determine if the error properly was raised and preserved"); *see also John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466, 473, 402 P3d 719 (2017) (collecting cases in which the court declined to review an assignment of error because of noncompliance with ORAP 5.45). In this case, however, beyond noting that plaintiff again fails to comply with ORAP 5.45, defendant does not contend that plaintiff failed to preserve her assignment of error. We conclude that the error is sufficiently preserved for our review.

We review the trial court's decision as to the amount of the attorney fees for an abuse of discretion. ORS 20.075(3) ("In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify *** the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."); *see also Magno, LLC v. Bowden*, 313 Or App 686, 689, 496 P3d 1049 (2021) (so stating). As we have previously explained, the term "discretion" refers to the trial court's authority to reach a decision that falls within a permissible range of legally correct outcomes. *C. R. v. Eugene School Dist. 4J*, 308 Or App 773, 777, 481 P3d 334 (2021). A trial court exceeds the bounds of its discretion if it makes a decision that is guided by the wrong substantive standard or if its decision is based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support. *Id*. at 777-78.

In our first decision in this case, we recounted the underlying historical facts, including that plaintiff's attorney notified defendant of the wage deficiency and filed a complaint in the circuit court one week later. *Trent*, 300 Or App at 166. Proceeding to the merits of plaintiff's challenge, we analyzed whether she was entitled to attorney fees under ORS 652.200(2), which provides:

> "In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action."

Specifically, we considered whether "plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action." ORS 652.200(2). First, in accord with our recitation of the facts, we noted that it was undisputed that plaintiff's attorney gave written

notice of the wage claim to defendant one week before filing the action. *Trent*, 300 Or App at 172. Second, we addressed defendant's legal argument that plaintiff nevertheless "unreasonably failed to give notice within the meaning of ORS 652.200(2)." *Id*. We considered the text of ORS 652.200(2) and then rejected defendant's argument, concluding that the statute "does not provide that, when the plaintiff's attorney failed to give notice within a reasonable time before filing the action, the court is not required to award fees." *Id*. at 173 (emphasis omitted). Rather, we explained that the statute "simply requires notice to be given 'before' filing an action, as a condition for a mandatory fee award[.]" *Id*. Thus, we concluded that, "[o]n this record, it cannot be said that plaintiff's attorney failed to give written notice 'before' filing the action[,]" and we rejected the trial court's "determination that plaintiff 'failed to comply with the notice requirements,'" because that determination was "based on a misconstruction or misapplication of the notice provision." *Id*. at 173-74. Accordingly, we reversed and remanded, explaining that "the trial court will have discretion in deciding what amount of attorney fees is reasonable to award under the circumstances of this case, *see* ORS 20.075, but ORS 652.200(2) does mandate an award."[2] *Id*. at 174.

On remand, the trial court adhered to its prior findings of fact "excepting the [trial] court's erroneous conclusion of law regarding a bad faith exception[.]" Those prior findings included a timeline reflecting that plaintiff's attorney had notified defendant of the claim in writing one week before filing the action, but incongruently also included a finding that "[p]laintiff failed to comply with the notice requirements[.]" The trial court acknowledged that plaintiff was entitled to an award of attorney fees in an amount to be determined after considering the factors set out in ORS 20.075. In reaching its decision on remand, the court observed that it considered those factors "[i]n light

---

[2] Although not at issue in this appeal, we also concluded that 29 USC section 216(b) mandated an award of attorney fees to plaintiff and explained that "the trial court may apply the appropriate standard to determine what amount is reasonable under the circumstances, but [29 USC section 216(b)] does require an award." *Trent*, 300 Or App at 171.

of the court's prior findings left undisturbed by the Court of Appeals." In ultimately awarding plaintiff $1,229.80 in attorney fees, the court noted the amount of plaintiff's wage deficiency claim, the amount plaintiff sought in attorney fees, the time plaintiff spent on the case prior to receiving a settlement offer, the settlement offer's value relative to the claim, and what constituted a reasonable attorney compensation rate.

Although the trial court appears to have applied the factors outlined in ORS 20.075, as required by our earlier decision, the trial court's readoption of its findings resulted in the court basing its decision on at least one factual determination that lacked sufficient evidentiary support, *viz.*, that plaintiff failed to comply with the notice requirements of ORS 652.200(2). That finding runs contrary to our earlier decision in which we determined that plaintiff had complied with the notice requirements of ORS 652.200(2). *See Trent*, 300 Or App at 173 ("[I]t cannot be said that plaintiff's attorney failed to give written notice 'before' filing the action."). Accordingly, we again reverse the trial court's decision on attorney fees because it is based upon a factual determination that lacks any evidentiary support. *See, e.g.*, *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) ("[A] trial court may abuse its discretion if its decision is based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support.").

Reversed and remanded.