552 December 13, 2023 No. 660

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

Allison Kate CHAPMAN,
Defendant-Appellant.

Coos County Circuit Court
21VI50545, 21VI133808, 21VI133804, 21VI125321;
A177574 (Control), A177784, A177785, A177786

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

Allison K. CHAPMAN,
Defendant-Appellant.

Coos County Circuit Court
22VI21989; A179067

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

Allison Kate CHAPMAN,
Defendant-Appellant.

Coos County Circuit Court
22VI37214; A179309

Martin E. Stone, Judge.

Submitted May 5, 2023.

Allison Kate Chapman filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

In A177574, affirmed.

In A179067, affirmed.

In A179309, affirmed.

**JACQUOT, J.**

In these cases, consolidated for decision, defendant, appearing *pro se*, challenges the trial court's judgments finding her guilty of the violation of driving while suspended (DWS), ORS 811.175, a Class A violation, and imposing fines. In one assignment of error in each case, defendant argues that the imposition of fines violated the anti-alienation provision of the Social Security Act, 42 USC § 407(a), because social security is her only income, and that her convictions for DWS must be reversed. We affirm.

Defendant's driving privileges were suspended in 2017 due to her failure to pay a fine for an earlier traffic violation.[1] Since then, defendant has been convicted of DWS multiple times based upon the original suspension, and these appeals address six of those convictions. The trial court imposed a fine for each of the convictions. On appeal, defendant appears to challenge (1) the original 2017 suspension, (2) the subsequent convictions for DWS, (3) and the imposition of a fine for each conviction. The state argues that defendant may not collaterally attack her original suspension through these proceedings and that, regardless, there is insufficient evidence that she would have had to use her social security income to pay the fines. Additionally, the state argues, to the extent defendant intends to challenge the fines imposed in the 2021 cases, her appeal is moot.

As an initial matter, we agree that defendant's challenge to the fines—but not the convictions—at issue in the 2021 cases is moot. "Mootness results when a change in circumstance or some intervening event has eliminated the possibility that the requested relief can be provided." *Garges v. Premo*, 362 Or 797, 801, 421 P3d 345 (2018). In December 2022, the fines in those cases were remitted by order of the Governor. Because defendant is no longer required to pay

---

[1] Had defendant's original 2017 traffic violation occurred after October 1, 2020, her driving privileges would not have been suspended. In October 2020, the Oregon Legislature repealed ORS 809.210, the statute that authorized the state to suspend driving privileges for failure to pay fines, due to, in part, the disproportionate, cyclical, and devastating impact the practice had on low-income Oregonians and Oregonians of color. HB 4210 (2020); Testimony, Joint Committee On The First Special Session of 2020, HB 4210, June 24, 2020 (statement of Rep Chris Gorsek); Vote Explanation, HB 4210, June 25, 2020 (statement of Rep Tiffiny Mitchell).

those fines, we cannot provide her with the relief she seeks as related to the fines in the 2021 cases, and that issue is moot.

As to defendant's remaining contentions, we understand defendant's argument to be that the trial court lacked authority to impose a fine in the initial 2017 traffic violation case, meaning that the 2017 suspension based on her failure to pay the fine was invalid, and therefore all subsequent convictions for DWS and imposed fines are also invalid. Defendant argues that the trial court could not impose a fine in 2017, and in any case since, because her income came exclusively from social security. She points to the anti-alienation provision of the Social Security Act, which exempts a beneficiary's benefits from "execution, levy, attachment, garnishment, or other legal process." 42 USC § 407(a). Therefore, defendant argues, by imposing fines the court was necessarily forcing her to "hand over protected benefits for payment" in violation of federal law.

We understand defendant's argument about the 2017 suspension to be a collateral attack, and defendant has not persuaded us that she can collaterally attack her original 2017 suspension. Defendant has not provided any authority on appeal, nor are we aware of any, that would allow such an attack. *See State v. Jones*, 223 Or App 70, 83-84, 195 P3d 78, *adh'd to as modified on recons*, 224 Or App 451 (2008), *rev den*, 346 Or 184 (2009) (in a prosecution for criminal driving while suspended or revoked, defendant cannot collaterally challenge the validity of the underlying suspension); *State v. Sims*, 335 Or 269, 274-75, 66 P3d 472 (2003) (legislature did not intend to permit a defendant to collaterally attack the underlying revocation order in a prosecution for felony driving while revoked). Accordingly, we reject defendant's challenge to the 2017 suspension.

As to defendant's convictions for DWS, her only argument is that the trial court erred in entering those convictions because the 2017 suspension was invalid. Because we have rejected her challenge to that suspension, we also reject her challenges to the convictions.

Finally, we turn to defendant's challenge to the fines in the 2022 cases. On appeal, defendant has not addressed

any Oregon authority relevant to her argument concerning the anti-alienation provision of the Social Security Act, and we do not "develop arguments * * * that have not been briefed sufficiently to persuade us of their merit, and that raise potentially complicated issues." *Trent v. Connor Enterprises, Inc.*, 300 Or App 165, 170, 452 P3d 1072 (2019). Although defendant is correct that the court cannot order direct collection or garnishment of her social security disability income, based on the arguments and authorities cited by the parties in this case, she has not persuaded us that her receipt of such income immunizes her from the imposition of the financial obligation itself. *See State v. Poston*, 283 Or App 895, 896, 389 P3d 417 (2017) (evidence that the defendant received disability income was sufficient to affirm finding that the defendant "is or may be able" to pay attorney fees); *State v. Eshaia*, 253 Or App 676, 680-81, 291 P3d 805 (2012) (same); *Fredenburg v. Mental Health Div.*, 106 Or App 337, 341-42, 807 P2d 812, *adh'd to as modified on recons*, 107 Or App 425, 812 P2d 432 (1991) (the state's consideration of patients' social security benefits in calculating liability for the cost of their care after they were found guilty except for insanity did not violate 42 USC § 407(a)). We therefore affirm the judgment in each case.

In A177574, affirmed.

In A179067, affirmed.

In A179309, affirmed.